Mark S. Cole, WSBA #6583
Ryan J. Hall, WSBA #28585
Cole, Lether, Wathen & Leid, P.C.
1000 Second Avenue Building, Suite 1300
Seattle, WA 98104-1082
Tel: 206.622.0494 Fax: 206.587.2476
Attorney for Rexam Defendants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 21 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH L. WEAVER et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL ASSOCIATION OF STATE FORESTERS, et al. <br><br> Defendants. | No. CV 04-3075-JLQ <br><br> PROTECTIVE ORDER RE POSTMORTEM PHOTOS |
| EVELYN CRAVEN et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL ASSOCIATION OF STATE FORESTERS, et al. <br><br> Defendants. | No. CV-04-0243-JLQ <br><br> PROTECTIVE ORDER RE POSTMORTEM PHOTOS |
| KATHIE FITZPATRICK et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ANCHOR INDUSTRIES, INC., et al. <br><br> Defendants. | No. CV-04-3123-JLQ <br><br> PROTECTIVE ORDER RE POSTMORTEM PHOTOS |

PROTECTIVE ORDER RE POSTMORTEM PHOTOS - 1

## PROTECTIVE ORDER

Plaintiffs have jointly moved this court for a protective order regarding restrictions on the use of postmortem photos, digital images and videos. Plaintiffs have also jointly moved this court for protection from violation of secondary dissemination of potential criminal information under RCW 10.97.

This court has reviewed the motion of plaintiffs and proposed protective order, the responses filed by all defendants herein and Weaver's reply and revised proposed order.

IT IS HEREBY ORDERED THAT:

(1) This Protective Order applies to all parties in the cases captioned *Weaver v. NASF* (No. CV-04-3075-JLQ), *Craven v. NASF* (No. CV-04-0243-JLQ), and *Fitzpatrick v. Anchor Indus.* (No. CV-04-3123-JLQ). The purpose of this order is to permit disclosure of "postmortem views" (described below) to all parties while protecting the privacy of the Plaintiffs, and to set forth the duties of the parties producing "postmortem views" and the duties of the parties receiving "postmortem views".

(2) This Protective Order applies to production of all postmortem photographs, digital images, and videotapes (hereinafter "postmortem views") of decedents, including but not limited to postmortem views at any autopsy or those taken at the fire scene which show the decedents' bodies. All parties shall provide all of their postmortem views of the decedents to the other parties in this litigation. At this time, plaintiffs have acknowledged possession of the following items:

    1. Autopsy images.

    2. Postmortem Views from the Thirtymile site which contain views of the decedents from the following sources:

        a. Okanogan County Sheriff's Office

PROTECTIVE ORDER RE POSTMORTEM PHOTOS - 2

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE BUILDING
SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

   b.  Washington State Patrol

   c.  Glenn Brauteset (formerly of WSP)

   d.  Postmortem photos produced by Fitzpatrick (source unknown) including FITZ 000361 through FITZ 000371, and those also identified as FITZ 0372_008.pdf through FITZ 0372_019.pdf, and also FITZ 05323 - FITZ 05336.

(3) A party producing any Postmortem Views shall, in a conspicuous manner, mark or have marked by T-Scan each item to be protected with the words "Subject to Protective Order". Where the item consists of more than one page, each page shall be marked. The party shall specify to T-Scan each item and page to be marked "Subject to Protective Order" and arrange to have T-Scan distribute to other parties each said item with a conspicuous marking of "Subject to Protective Order". Any item of any Postmortem View already produced and not marked "Subject to Protective Order" may be removed from the production and replaced by a copy of the page marked "Subject to Protective Order". Each party shall notify all other parties of such removal and replacement and arrange with T-Scan to accomplish each such change.

(4) Once a party receives any Postmortem View item, it is the responsibility of that party to ensure that each person to whom it provides the Postmortem Views are aware of the terms of this protective order and that such persons agree to abide by the terms therein.

(5) Postmortem Views may be disclosed to the Court, case witnesses, potential case witnesses, court reporters, deposition videographers, and to the parties in the above-captioned cases along with their attorneys, staff, consultants, experts, adjusters, investigators, employees, and others working on behalf of a party to this

PROTECTIVE ORDER RE POSTMORTEM PHOTOS - 3

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE BUILDING
SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

case. Postmortem Views shall not otherwise be disclosed, except as set forth herein. In particular, no postmortem photos, digital images and videos of the decedents may be placed on the internet in a manner which can be viewed by the general public or published in any other public forum (including but not limited to any media, seminars or conferences) for any purpose, unless expressly permitted by counsel representing the estate of the particular deceased firefighter depicted in the postmortem view, or by the personal representative of the particular deceased firefighter depicted in the Postmortem View, or unless provided for in this Order.

(6) If a party desires to disclose Postmortem Views to a third-party (herein defined to mean any person or entity other than persons or entities identified in paragraph (5)), that party must give two weeks written notice to the counsel representing the estate of the particular deceased firefighters depicted in the Postmortem View. If any party objects, the objecting party must file a motion for protective order in the court within 30 days of receipt of the written notice, or otherwise such objection is waived.

(7) Prior to a third-party gaining access to any Postmortem Views, a third-party shall read a copy of this Protective Order and sign the form attached as Exhibit A. A copy of the signed form shall be provided to each plaintiff's counsel and to each defendant's counsel within thirty days of the date of signing.

(8) Any person shall produce any Postmortem Views when required by subpoena, court order, statute, regulation, or as otherwise required by law.

(9) Postmortem Views may be used for any purpose in this litigation, including as an exhibit in a deposition or court document, so long as each Postmortem View that is filed with the Court is filed under seal. This means that if an item is to be filed under seal, the parties will mark the document FILED UNDER SEAL and file an

PROTECTING ORDER RE POSTMORTEM PHOTOS - 4

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE BUILDING
SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

unredacted copy with the Court, along with a redacted copy for the public court file. See Procedures for Electronic Case Filing, I. A. (3). If a party inadvertently transmits a postmortem photo, digital image or video without seal, the party shall notify the court and shall follow the prescribed court procedures for correcting the error, as promptly as possible.

(10) All parties will produce any documents and postmortem images they have obtained from law enforcement agencies, including those subject to the provisions of RCW 10.97. No party will be penalized for distribution of a document or postmortem image subject to RCW 10.97 when they distribute a document or postmortem image pursuant to this Order.

(11) Any party objecting to an initial designation of Postmortem Views, including objections to portions of the designations of multi-page documents, shall notify the designating party. The objecting and the designating party shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the designating party shall have twenty-one (21) days from receipt of the objection to file with the court a motion for protective order. All documents and transcripts initially designated as Postmortem Views shall continue to be subject to this order unless and until the court rules otherwise. If a designating party elects not to make a motion for a protective order with respect to documents to which a written objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the Postmortem Views designation if so requested.

(12) Within 90 days of the conclusion of this lawsuit, all Postmortem Views shall be returned to the producing party or destroyed. If the Postmortem Views are to be

PROTECTIVE ORDER RE POSTMORTEM PHOTOS - 5

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE BUILDING
SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

returned, the receiving party shall collect, assemble and return all such Postmortem Views, including all copies, extracts and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts or summaries that contain or constitute attorney's work product, which shall be destroyed. The receiving party shall certify in writing that this paragraph of the Postmortem Views has been complied with.

This Protective Order RE Postmortem Views is dated this 21st day of July, 2005.

Judge Justin L. Quackenbush

Presented by:

COLE, LETHER, WATHEN & LEID, P.C.

Mark S. Cole, WSBA #6583
Attorney for Rexam Defendants

PROTECTIVE ORDER RE POSTMORTEM PHOTOS - 6

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE BUILDING
SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494

## "EXHIBIT A"

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER FORM

I, _____, have read the document entitled **Protective Order Regarding Postmortem Views ("Postmortem Views") signed by Judge Justin L. Quackenbush, a copy of which is attached.**

By signing below I agree to be bound by the terms of the Protective Order. I agree that I will not disseminate, publish, or otherwise share any Postmortem Views of the decedents in this case including autopsy and fire scene photos, digital images and videos, in violation of the Protective Order.

I further understand and agree that if I do disseminate, publish, or otherwise share any Postmortem Views, in violation of the Protective Order, I will be subject to penalty by the Court.

A copy of this document shall be as valid as the original.

Date: _____   Signed: _____

Printed Name: _____

PROTECTIVE ORDER RE POSTMORTEM PHOTOS - 7

COLE, LETHER, WATHEN & LEID, P.C.
1000 SECOND AVENUE BUILDING
SUITE 1300
SEATTLE, WA 98104-1082
(206) 622-0494